# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-767V
Filed: August 11, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| RESHAMA SHAIKH, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Lawrence R. Cohan</u>, Anapol Weiss, Philadelphia, PA, for petitioner.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 3, 2013, Reshama Shaikh ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving a Tetanus Diphtheria acellular-Pertussis vaccination on October 15, 2010, she suffered Chronic Inflammatory Demyelinating Polyneuropathy. See Petition at Preamble. On August 8, 2016, the parties filed a stipulation in which they agreed on an award of compensation to petitioner. The undersigned adopted the parties' stipulation in a decision issued that same day.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 9, 2016, petitioner filed an application for attorneys' fees and costs, requesting $152,794.50 in attorneys' fees, $54,468.66 in attorneys' costs, and $5,495.86 in attorneys' fees and costs for her former counsel Sheller Law. See Petitioner's ("Pet'r's") Application ("App.") at ¶ 8. In accordance with General Order #9, petitioner's counsel states that petitioner did not advance any litigation expenses in this matter. Id.

Respondent filed a response to petitioner's application on August 11, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $175,000.00 and $185,000.00. . . . Respondent therefore respectfully recommends that the special master exercise discretion and determine a reasonable award for attorneys' fees and costs within that range.

Respondent's (Resp's) Response at 3 (internal footnote and citations omitted).

This matter is now ripe for a decision.

## I. Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioner was awarded compensation pursuant to a decision on entitlement issued on August 8, 2016. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The

requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### a. Reasonable Hourly Rates

Petitioner requests rates of $400 per hour for Lawrence R. Cohan, $290 and $275 per hour for David J. Carney, and $125 per hour for paralegal work. Pet'r's App. at ¶¶ 1-3. Petitioner's attorneys have worked on this case from July 8, 2013 to present. See generally, id., Exhibit A.

The issue of reasonable forum rates was decided by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In McCulloch found the range of $350 to $425 per hour appropriate for attorneys with more than 20 years of experience, $225 to $300 appropriate for attorneys with 4 to 7 years of experience, and $150 to $225 appropriate for attorneys with less than 4 years of experience. McCulloch, 2015 WL 5634323, at *19. A rate of $135 per hour was awarded to paralegals. Id. at *21.

The subject of reasonable hourly rates for attorneys and paralegals at Anapol Weiss was recently decided in Rodd v. Sec'y of Health and Human Servs., No. 13-122V, 2016 WL 2727147 (Fed. Cl. Spec. Mstr. Apr. 13, 2016). In Rodd, the undersigned awarded Mr. Cohan his requested rate of $400 an hour based on 36 years of experience litigating civil cases, and 25 years of experience in the Vaccine Program. Id. at *2. Mr. Carney's requested rate was adjusted to $225 for work performed before September 2014 as he had less than 4 years of experience, and $275 for work done beginning in September 2014. Id. Paralegals at Anapol Weiss were awarded $125 an hour. The undersigned adopts the reasoning and rates established in Rodd in this matter.[3]

The undersigned will award Mr. Cohan a rate of $400 per hour for all work performed in this case. Mr. Carney will be awarded a rate of $225 per hour for work performed when he had less than 4 years of experience, and $275 per hour thereafter. Paralegals will be awarded a rate of $125 per hour.

---

[3] In petitioner's application for attorneys' fees and costs, the ranges for attorney hourly rates were erroneously stated as $400 to $415 an hour for attorneys with over 20 years of experience, and $280 to $300 an hour for attorneys with 4 to 7 years of experience. The ranges I established in McCulloch are $350 to $425 an hour for 20 plus years of experience, and $225 to $300 for attorneys with 4 to 7 years of experience. See McCulloch, 2015 WL 5634323, at *19.

### b. Reasonable Hours Expended

Petitioner requests compensation for 185.9 hours expended by Mr. Cohan, 263.8 hours expended by Mr. Carney, and 21.7 hours of paralegal work. Pet'r's App., Exhibit A at 28. On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable. Petitioner's fee application includes a detailed log of the hours, dates and explanation of services performed on this case, and the names of the person providing the services. See generally, Pet'r's App., Exhibit A. The number of hours claimed is justified by the complexity of the case, which included three days of an entitlement hearing, involving four expert witnesses and the petitioner.

Concerning petitioner's former counsel, Sheller Law Firm, petitioner avers in the application for fees and costs that the firm incurred $5,495.86 in attorneys' fees and costs for the initial handling of this case. See Pet'r's App., Exhibit G. The undersigned finds it reasonable to award a total of 3.3 hours of work at a rate of $300 an hour for the attorneys, and the requested amount of 2.6 hours at a rate of $125 for paralegal work.

### c. Costs

Petitioner requests $54,468.66 in attorneys' costs. See Pet'r's App. at ¶ 8. Upon review, the undersigned finds the requested costs, which include costs for medical records, court filings, expert services, and hearing related travel expenses, reasonable. The undersigned notes and appreciates that Dr. Steinman did not bill for travel to Philadelphia for the entitlement hearing and for meals while there. For the Sheller Law Firm, the requested amount of $708.46 for costs incurred in obtaining medical records and paying for postage is reasonable.

## II. Conclusion

The undersigned finds an award of **attorneys' fees and costs to Anapol Weiss in the amount of $201,486.16 reasonable**. The total amount awarded represents the following:

a. $74,360.00 for Mr. Cohan's work. This represents 185.9 hours at a rate of $400 per hour.

b. $69,945.00 for Mr. Carney's work. This represents 52.0 hours of work at a rate of $225 per hour plus 211.8 hours of work at a rate of $275 per hour.

c. $2,712.50 for paralegal work. This represents 21.7 hours of paralegal work at $125 per hour.

d. $54,468.66 in costs.

For Sheller Law, the undersigned finds an award of **attorneys' fees and costs in the amount of $2,023.46 reasonable**.

Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $$175,000.00 and $185,000.00." Resp's Resp. at 3. The undersigned is impressed that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable. As respondent states, "special masters may rely on their prior experience in making reasonable fee determinations." Id. at 2. Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $201,486.16 reasonable.

**Pursuant to 42 U.S.C. section 300aa-15(e), the undersigned awards the following amounts for attorneys' fees and costs:**

  (1) **A lump sum of $201,486.16 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Lawrence R. Cohan, of Anapol Weiss; and**

  (2) **A lump sum of $2,023.46 in the form of check payable jointly to petitioner and petitioner's former counsel Sheller Law.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.